IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| DONALD SCOTT DONAHUE,<br><br>               Plaintiff,<br><br>v.<br><br>MISSOULA ASSESMENT AND<br>SANCTION CENTER ; WELLPATH<br>LLC ; MONTANA DEPARTMENT OF<br>CORRECTIONS ; HEATHER SMITH,<br>MASC ADMINISTRATOR<br><br>               Defendants. | Cause No. CV 23-74-M-DLC<br><br><br>ORDER |

Plaintiff Donald Scott Donahue ("Donahue"), filed a proposed civil rights complaint pursuant to 42 U.S.C. § 1983. (Doc. 1.) On July 11, 2023, Donahue was advised his original handwritten documents were difficult to follow and failed to state a claim upon which relief could be granted. Donahue was provided an opportunity to cure the deficiencies by filing an amended complaint and was provided with the Court's standard form. *See generally* (Doc. 7.) Donahue was given 21 days within which to do so and was advised that if he failed to comply, the matter was subject to dismissal. (*Id*. at 3.)

1

When Donahue failed to timely respond, this Court issued an Order directing Donahue to show cause as to why the matter should not be dismissed based upon his failure to comply with the Court's order.  (Doc. 9.)  Donahue responded by filing an amended complaint.  (Doc. 10.)

The Court then screened Donahue's amended complaint.  Donahue was advised that the document fell short of the requisite pleading standards.  (Doc. 12.) The Court explained the deficiencies and the ways in which Donahue might provide factual support for his claims.  (*Id*. at 4-13.)  Donahue was advised that his failure to comply with the Order would make the matter subject to dismissal. (*Id*. at 13-14.)  Donahue was given 30 days within which to file a second amended complaint.  (*Id*. at 13.)

Donahue sought an extension of time within which to file his second amended complaint.  (Doc. 13.)  On November 28, 2023, the Court granted Donahue's motion and gave him an additional 30-days to comply with the Court's order.  To date, Donahue has failed to file a second amended complaint.

Fed. R. Civ. P. 41(b) authorizes the Court to dismiss an action "[i]f the plaintiff fails to prosecute" the action or fails to comply with other Rules of the Court.  *See also Applied Underwriters v. Lichtenegger*, 913 F. 3d 884, 889 (9th Cir. 2019)(citation omitted).  A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with the local rules.  *See*

*Ferdik v. Bonzelet*, 963 F. 2d 1258, 1260-61 (9th Cir. 1992)(dismissal for failure to comply with a court order to amend a complaint).  The Court may dismiss a case on its own without awaiting a motion.  *See Link v. Wabash Railroad Co.*, 370 U.S. 626, 633 (1962); *Hells Canyon Preservation Council v. United States Forest Serv*., 403 F. 3d 683, 689 (9th Cir. 2005).

In determining whether a petitioner's failure to prosecute warrants dismissal of the case, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King,* 856 F.2d 1439, 1440 (9th Cir. 1988) (quoting *Henderson v. Duncan,* 779 F.2d 1421, 1423 (9th Cir.1986)). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction. Thus, the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnson,* 910 F.2d 652, 656 (9th Cir.1990).

"The public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F. 3d 983, 990 (9th Cir. 1999). Donahue has failed to comply with this Court's order directing him to file a second amended complaint, despite being provided additional time to do so.  This factor weighs in favor of dismissal.

Likewise, the second factor supports dismissal.  "The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest."  *Pagtalunan v. Galaza*, 291 F. 3d 639 (9th Cir. 2002).  The Court cannot manage its docket if Donahue refuses to comply with the Court's orders.  Donahue's case has consumed judicial resources and time that could have been better spent on other matters.  This factor, therefore, also favors dismissal.

The third factor requires the Court to weigh the risk of prejudice to the Respondents.  A rebuttable presumption of prejudice to respondents arises when a petitioner unreasonably delays prosecution of an action. *In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994). Nothing suggests that such a presumption is unwarranted, although it does not weigh strongly against Donahue in the present case.

The Court has considered less drastic alternatives.  Alternatives may include "allowing further amended complaints, allowing additional time, or insisting that appellant associate experienced counsel."  *Nevijel v. North Coast Life Insurance Co.*, 651 F. 2d 671, 674 (9th Cir. 1981).  Although less drastic alternatives to dismissal should be considered, the Court is not required to exhaust all such alternatives prior to dismissal.  *Id.*  Donahue was afforded an adequate amount of time in which to prepare and file his second amended complaint.  Additionally, he was provided an additional 30 days to comply with the Court's order.  Further,

4

Donahue was advised that his failure to obey the court's order would result in dismissal.  (*See e.g.,* Doc. 12 at 13; Doc. 14 at 2.)  Such a warning satisfies the considerations of the alternative requirement.  *See Ferdik*, 963 F. 2d at 1262. Donahue had adequate warning that dismissal would result from his noncompliance.  At this juncture, the Court can envision no further alternatives to dismissal.

The last factor weighs against dismissal because public policy favors disposition of cases on their merits.  *Hernandez v. City of El Monte,* 138 F. 3d 393, 399 (9th Cir. 1998).  But in light of the other four factors favoring dismissal, the weight of this factor is slight.  No further resources of the Court will be expended. This matter will be dismissed based upon Donahue's failure to prosecute pursuant to Fed. F. Civ. P. 41(b).  Accordingly, the Court enters the following:

**ORDER**

1.  This matter is dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

2.  The Clerk of Court is directed to close this matter and enter judgment in favor of Respondents pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Clerk of Court is directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.  No reasonable

person could suppose an appeal would have merit.

DATED this 10th day of January, 2024.


_/s/ Dana L. Christensen_
Dana L. Christensen
United States District Court